UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

LLOYD MORROW,

    Plaintiff,

v.

DISH NETWORK, L.L.C., and
THE CBE GROUP, INC.

    Defendants.

Civil Action No. 5:11-cv-395-JMH

**MEMORANDUM OPINION AND ORDER**

\*\*  \*\*  \*\*  \*\*  \*\*

Plaintiff filed suit in Garrard Circuit Court, alleging violations of the Fair Debt Collection Practices Act[1] (hereinafter "FDCPA"), 15 U.S.C. §§ 1692-1692p, as well as related state-law claims. [DE 1-1]. On December 1, 2011, Defendants filed a Joint Notice of Removal, [DE 1], asserting that this Court possesses federal-question jurisdiction based on Plaintiff's FDCPA claims, as well as diversity jurisdiction, based on the parties' diversity and the amount in controversy. Plaintiff now moves to remand this matter to state court, alleging that neither federal-question nor diversity jurisdiction exists. For the following reasons,

---

[1] Plaintiff's Complaint, as well as Defendants' Notice of Removal, refers to Plaintiff's federal law claims as being brought pursuant to the "Federal Debt Collection Practices Act." While Plaintiff's Motion to Remand suggests that he has now realized his mistake, the Court wishes to clarify that the correct citation is to the Fair Debt Collection Practices Act. *See* Pub. L. 95-109, Sept. 20, 1977, 91 Stat. 874.

Plaintiff's Motion to Remand, [DE 3], will be denied.

Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1441 provides that a defendant can remove to federal district court any action filed in state court that the plaintiff could have brought in federal court in the first instance.  Although Plaintiff characterizes this action as involving "the mere presence of a federal issue," it actually is based, at least in part, on the enforcement of a right of action created by federal statute.  *See* 15 U.S.C. § 1692 ("An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.").  Thus, there is no question that claims alleging violations of the FDCPA arise under federal law and, therefore, may be filed in and removed to federal district court.

Plaintiff suggests that the language of 15 U.S.C. § 1692 compels this Court to decline jurisdiction because it permits Plaintiff to bring the action in state court. Statutory permission to litigate a federal claim in state court does not, however, affect a district court's federal-question jurisdiction over the matter. *Charvat v. EchoStar Satellite, LLC,* 630 F.3d 459, 464 (6th Cir. 2010).  The Court possesses supplemental jurisdiction over

Plaintiff's state law claims, as they are clearly part of the same case or controversy as Plaintiff's claim under the FDCPA. *See* 28 U.S.C. § 1367(a); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004)("Claims form part of the same case or controversy when they derive from a common nucleus of operative facts."). Contrary to Plaintiff's assertions, none of the reasons for declining supplemental jurisdiction exist in this case. *See* 28 U.S.C. § 1367(c). Finally, Plaintiff's argument based on amount in controversy fails since there is no amount-in-controversy requirement in matters of which the Court has federal question jurisdiction. *See Mattei v. Mattei,* 126 F.3d 794, 808 (6th Cir. 1997).

Based on the foregoing, Plaintiff's Motion to Remand, [DE 3], is hereby **DENIED.**

This the 12th day of January, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge